PEREZ COBB *et al.* Appellants, *versus* HORATIO G NEWCOMB.

In the appointment of an administrator, the judge of probate is not authorized to pass over the intestate's next of kin, although not living in the county or not competent and suitable for the trust, and appoint a stranger, before the expiration of thirty days from the death of the intestate, without citation or notice to the next of kin.

JONATHAN COBB, of Deerfield, in the county of Franklin, died on the 28th of June, 1837, intestate, without issue, leaving a widow, and seven brothers and sisters or their representatives. On the request of the widow administration on the estate was granted, in the county of Franklin, to H. G. Newcomb, on the 18th of July, 1837, without notice to the heirs. The real estate of the intestate was inventoried at $ 9008, and the personal at about $ 3000. His debts, if any, were inconsiderable. At the time of his death, he had two brothers living within this State, namely, Joseph Cobb, of Fall River, in the county of Bristol, and Perez Cobb, of New Braintree, in the county of Worcester. Joseph was about seventy-four years old, and wholly destitute of property. Perez was in the seventieth year of his age, and was slightly affected with the palsy, but not so as to prevent him from transacting business, and was in ordinary health for a man of his years. On the 18th of July, 1837, but after administration had been granted to Newcomb, Perez filed in the probate office his application to be appointed administrator ; which was heard and consider-

ed at the probate court then next holden, to wit, on the 22d of August, 1837, and the prayer of the applicant was refused by a decree of the judge of probate. From this decree Perez and Joseph Cobb appealed, because Perez was next of kin to the intestate, residing within the Commonwealth, and competent, suitable and willing to take upon himself the trust of administering upon the estate of the intestate, nevertheless the court of probate did, without the knowledge or consent of Perez or any of the next of kin, and without any notice to them, and long before the expiration of thirty days from the death of the intestate, appoint H. G. Newcomb administrator, who was not next of kin nor otherwise entitled to administration on the estate.

The case was submitted to this Court without argument.

*Wells* and *Alvord*, for the appellants.

*H. G. Newcomb, pro se.*

SHAW C. J. The right of administration may often be a valuable one, and is now to some extent fixed by law and does not depend upon the mere judicial discretion of the judge. Revised Stat. *c.* 64, § 4. The right is first in the widow and next of kin, either or both, as the judge may order. In the present case the widow renounced her claim ; but this did not give her the right to nominate another person, to the exclusion of the next of kin. If they live within the county, they are to be cited. In the present instance the next of kin were two brothers, who did not live within the county. The statute further provides, that if the persons so entitled, that is, the next of kin, are incompetent or evidently unsuitable, or if they neglect, without any sufficient cause, for thirty days after the death of the intestate, tò take administration, the judge of probate shall commit it to one of the principal creditors, if there be any competent and willing to undertake the trust ; and if there be no such creditor, then to such person as he may think fit. The Court are of opinion, that the judge of probate could not pass over the next of kin and appoint a stranger until the expiration of the thirty days, which seem to be allowed to the next of kin to apply. If it should be held that the judge of probate may appoint another within thirty days, in case the next of kin are, in his judgment, incompetent or evidently unsuitable

Cobb
*v.*
Newcomb.

for the discharge of the trust ; we think the answer is, that in fact no such adjudication took place in the present case, at least the decree does not purport to be put upon that ground, and further, he could not thus adjudicate upon their rights, unless they were parties before him, by applying for administration, or unless cited in to show cause why another should not be appointed in their place.

The Court are therefore of opinion, that the appointment of a stranger within thirty days, without citation or notice to the next of kin, was irregular, and that the decree appointing the respondent was erroneous, and it is hereby reversed.